

Wall Street Plaza, 88 Pine Street, 21st Floor, New York, NY 10005-1801
(212) 376-6400  Fax (212) 376-6490

Direct Dial:  (212) 376-6427
Email:  mdwellman@mdwcg.com

June 13, 2023

**VIA ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 618
New York, New York 10007

        RE:    Eleanor Guilford v. Hope Kitchen Cabinets &
                  Stone Supply, LLC
                  SDNY Civil Docket No.: 1:22-cv-09502-KPF
                  Our File No.:  40318.00308

Dear Judge Failla:

    Our firm represents defendant Hope Kitchen Cabinets & Stone Supply, LLC in connection with this matter.

    Briefly stated, this matter involves an alleged accident that occurred on April 21, 2022 at the entryway of the customer parking lot to the store known as Hope Kitchen located at 831 Main Street, New Rochelle, New York.  The plaintiff alleges she was caused to sustain injuries when she tripped and fell over a "wicket type door" that was located near the customer parking lot, on the side of the building.

    Our office has concerns as to some of the representations in the letter served by counsel for Caruso, Pagani & Caruso and Nicholas Pagani III ("new parties"), dated June 13, 2023, Richard Weiss.  Document Docket Number 41.  By way of background I have had several productive conversations with Attorney Richard Weiss about the matter before he entered an appearance and Answer.  He asked for discovery involving his clients, and I promptly provided him with copies of deposition transcripts, and other various portions of our file, including discovery exchanged to plaintiff's counsel after he Appeared as counsel of record and served his Answer.

    For discovery, I advised Mr. Weiss I was operating under the Memo Endorsed by the Court filed as Docket Document 12, dated March 22, 2023.  The Memo provides for the discovery

June 13, 2023
Page 2

schedule in the case, including but not limited to expert disclosures. I advised Mr. Weiss today that his letter is inaccurate on this issue. For example, the as to the date expert discovery is due not today as he noted. The discovery schedule indicates Expert Discovery for Plaintiff is due by September 15, 2023. The date for Defendant's Expert Discovery is for October 16, 2023. I am willing to work on a new discovery schedule to extend these deadlines on consent of the parties and approval by this Court.

As to the Deposition of Carlos Cabrera, the Court denied our request to preclude the deposition and advised the parties to adhere to the last discovery order. See Docket Document Number 35 for a copy of the Order regarding the Joint Letter. Therefore, to avoid violating the Court Order, I intent to produce my client as scheduled for a deposition on June 14, 2023 unless the Court instructs otherwise. Our office is willing to work with Mr. Weiss on a revised discovery schedule and we wish to make sure all discovery concerns are addressed as noted by Mr. Weiss.

Respectfully submitted,

Mark D. Wellman

MDW:dml
cc:   Harmon, Linder & Rogowsky
      3 Park Avenue – 23rd Floor
      New York, New York 10016
      **Attn:  Michelle Jean-Jacques, Esq.**

```
The Court is in receipt of a June 13, 2023 letter from recently-added
defendants Caruso, Pagani & Caruso and Nicholas Pagani III requesting
an extension of the discovery deadlines in this case (Dkt. #41), and
the above response from defendant Hope Kitchen Cabinets & Stone
Supply, LLC ("Hope").

The parties are reminded that the operative deadlines are those
outlined in the Court's March 22, 2023 endorsement extending discovery
(Dkt. #12), not the original case management plan.  To that end, and
contrary to the recently-added defendants' representation, Plaintiff's
expert discovery is due September 15, 2023 and Defendants' expert
discovery is due October 16, 2023, not next week.  Given that
confusion and Hope's representation that the parties may be able to
work together to resolve these issues without the Court's assistance,
the Court finds the instant motion to be premature.
```

LEGAL/154243125.v1

Accordingly, the recently-added defendants' motion is DENIED without prejudice as to its renewal after review of the upcoming deadlines in this matter and consultation with counsel for the other parties.  In particular, the parties may re-raise the issue of the timing of Mr. Cabrera's deposition if that issue has not become moot and if they are unable to resolve the issue without the assistance of the Court after conferring.

The Clerk of Court is directed to terminate the motion at docket entry 41.


Dated:     June 14, 2023            SO ORDERED.
           New York, New York

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE